IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOSE W. APARICIO<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | MEMORANDUM OPINION AND ORDER<br><br><br><br>Case No. 1:05 CV 0147 TC |

  Petitioner Jose W. Aparicio pleaded guilty to one count of possession with intent to distribute fifty grams or more of actual methamphetamine, a violation of 21 U.S.C. § 841(b)(1)(A). Mr. Aparicio faced a maximum possible sentence of life imprisonment and a minimum mandatory of ten years. Following an evidentiary hearing on sentencing issues, the court sentenced Mr. Aparicio to serve a prison term of 235 months. Mr. Aparicio did not take a direct appeal. This matter is now before the court on Mr. Aparicio's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

  Mr. Aparicio, proceeding pro se, identifies broad grounds upon which his motion should be granted: (1) defense counsel was ineffective because of his failure to file a direct appeal of Mr. Aparicio's sentence, and (2) the sentence imposed violated a number of Mr. Aparicio's constitutional rights.

  The court recognizes that pro se litigants' pleadings should be construed more liberally than if counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. New

Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  But even under this more lenient standard, Mr. Aparicio's claims for relief are meritless.   Most importantly, because the record clearly shows that Mr. Aparicio knowingly and voluntarily waived his right to challenge his sentence, either on direct appeal or through a motion brought under 18 U.S.C. § 2255, Mr. Aparicio's Motion is DENIED.

### MR. APARICIO'S WAIVER

Mr. Aparicio complains that his counsel was ineffective because he did not take a direct appeal of the sentence the court imposed.  In an attempt to avoid the waiver of appeal and collateral attack rights that Mr. Aparicio agreed to as part of his plea agreement, Mr. Aparicio argues that his counsel was ineffective.  When a defendant, such as Mr. Aparicio, attempts to circumvent his waiver of rights with an ineffective assistance of counsel argument, he must show that the "ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself."  United States v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001).  But record in this case shows that, on the contrary,  Mr. Aparicio's counsel was not ineffective and Mr. Aparicio fully understood the consequences of his plea and the waivers that were part of his plea agreement.

First, Mr. Aparicio signed a Statement in Advance of Plea in which he certified, under penalty of perjury, that he knowingly and  voluntarily waived his right to appeal his sentence or challenge his sentence by collateral attack, specifically, through a § 2255 motion.  In that same document, Mr. Aparicio certified that he had fully discussed the consequences of his plea of guilty with his attorney and that he was satisfied with his attorney.

 Second, at the change of plea hearing, the court carefully questioned Mr. Aparicio, who was under oath, extensively to determine whether Mr. Aparicio was voluntarily pleading guilty

and whether he fully understood all the ramifications of his plea and the plea agreement.  Mr. Aparicio's answers left no doubt with the court that Mr. Aparicio fully understood what he was doing and that his attorney had thoroughly, and effectively, counseled him with regard to the consequences of his plea and his plea agreement.

In light of the above, the court DENIES Mr. Aparicio's motion.[1]

DATED this 7th day of March, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[1] Because the records and files in this case conclusively show that Mr. Aparacio is not entitled to relief, the court has decided this motion without an evidentiary hearing.

3